Frances P. DILWORTH, Administratrix of the Estate of Donald D. Dilworth, Jr. Deceased, and Judi D. Dilworth

v.

UNITED STATES of America.

Frances P. Dilworth, Administratrix of the Estate of Donald D. Dilworth, Jr., Deceased, Appellant.

Frances P. DILWORTH, Administratrix of the Estate of Donald D. Dilworth, Jr., Deceased, and Judi D. Dilworth

v.

UNITED STATES of America.

Judi D. Dilworth, Appellant.

Nos. 16577, 16578.

United States Court of Appeals
Third Circuit.

Submitted on Briefs Nov. 7, 1967.

Decided Dec. 21, 1967.

Willard B. Knowlton, Tenafly, N. J., (John Herbert Tovey on the brief), for appellants.

Kenneth P. Zauber, Asst. U. S. Atty., David M. Satz, Jr., U. S. Atty., Newark, N. J., for appellee.

Before STALEY, Chief Judge and KALODNER and FORMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The plaintiffs' decedent suffered a fatal illness while he was a private in the United States Army. They brought the instant action under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., alleging in their complaint that the decedent's death resulted from his negligent treatment at an Army hospital. The District Court dismissed the plaintiffs' action, with prejudice, on its view that it was precluded by Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

On this appeal the plaintiffs contend that Feres no longer has vitality in the light of subsequent decisions of the Supreme Court of the United States. We rejected the identical contention in Sheppard v. United States, 369 F.2d 272 (3 Cir. 1966), cert. den. 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 230 (1967), in affirming the District Court's dismissal for lack of jurisdiction of an action brought by the administrators of the estates of three United States Marines who had been killed in the crash of a United States Air Force plane while they were on active duty. In doing so we stated:

> "The flat statement is made on behalf of appellants in their brief that ' * * subsequent decisions of the Supreme Court destroyed the validity of that case [Feres v. United States, supra]'. Nothing could be further from the true fact."

It is pertinent to note that two of the three suits decided in *Feres* charged malpractice on the part of military doctors in military hospitals.

It may also be noted that we recently gave effect to the *Feres* doctrine in Bailey v. DeQuevedo, 375 F.2d 72 (3 Cir. 1967), cert. den. 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 274. We there held that under that doctrine "an enlisted man in the armed services of the United States cannot maintain an action against an Army medical surgeon for negligence in an operation performed at an Army hospital in line of duty". 375 F.2d 74.

The Order of the District Court dismissing the plaintiffs' action with prejudice will be affirmed.