**Frances W. MARR, Executrix of the Estate of Wilbur A. Marr, Deceased, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. No. 68–76.**

United States District Court
E. D. Oklahoma.
March 20, 1969.
Supplemental Order May 15, 1969.

William J. Settle, U. S. Atty., E. D. Oklahoma, Muskogee, Okl., and Phillip Silverman, Atty., Dept. of Justice, Washington, D. C., for defendant.

John D. Cheek, Cheek, Cheek & Cheek, Oklahoma City, Okl., for plaintiff.

## ORDER REQUIRING MORE DEFINITE STATEMENT

LANGLEY, Chief Judge.

This cause is before the court on the motion of the defendant to dismiss. As grounds, the defendant alleges failure to state a cause of action and that the acts complained of constituted the exercise of discretionary functions. After review-

ing the file and examining the briefs of counsel, the court finds that the complaint is not sufficiently explicit to enable a decision on the motion to be made and that a further statement should be required of the plaintiff.

■ The establishment of requirements for pilots and aircrafts and of methods for determining whether those requirements have been met, and the providing of landing systems and communication and weather information facilities, are discretionary functions of government. But the carrying out of those requirements and methods in some instances may not be discretionary, and it is in this respect that the plaintiff claims the government was negligent and liable. The complaint is a general allegation of failure at the operational level to use ordinary care in carrying out these functions, however, with no particulars supplied. In order for the court to determine whether negligent acts charged were in fact operational as claimed by the plaintiff, or discretionary functions as claimed by the defendant, the plaintiff should be required to amend her complaint to set out what agents of the government failed to exercise ordinary care in the performance of what specific duties.

It is so ordered.

It is further ordered that unless the plaintiff shall amend her complaint within 20 days from the date of this order to furnish the information herein required by the court, the motion of the defendant to dismiss will be sustained for lack of definiteness in the allegations of negligence.

## SUPPLEMENTAL ORDER DISMISSING ACTION

This cause is before the court on the motion of the United States to dismiss on the grounds that the alleged acts of negligence involve discretionary functions of government for which the United States has not consented to be sued.

In her original complaint the plaintiff alleged negligence on the part of the United States in furnishing, by contractual arrangement, an unfit supplemental air transportation carrier and that this resulted through issuance by the Civil Aeronautics Board of a certificate of convenience and necessity to American Flyers Airline Corporation and a pilot's license to Reed W. Pigman, neither of whom met the requirements for such certificate or license. More specifically, she alleged negligence of the United States in chartering and failing to suspend the American Flyers Airline Corporation as a carrier for hire after notice of previous carelessness in providing insurance for injury or death of members of the aircraft crew, for providing an unsafe carrier by failing to require its agents and employees to exercise ordinary care in examining American Flyers Airline Corporation and Reed W. Pigman to determine their qualifications with respect to maintenance and physical condition, for failing to prohibit landing of the aircraft at a place with substandard landing facilities, and for failure to require and use adequate weather instruments and competent personnel.

On March 20, 1969, an order was entered, sua sponte, requiring the plaintiff to state more specifically the acts of negligence complained of, and thereafter, on April 4, 1969, an amended complaint was filed. In the amended complaint is alleged operational negligence of the United States through its agents in failing to exercise ordinary care in the medical inspection of pilots through failure to administer adequate medical tests, in failing to furnish proper communications concerning weather conditions, and in failing to discontinue the flight for improper maintenance.

■ Ordinarily, detailed descriptions of alleged acts of negligence are not required to state a cause of action. In consenting to be sued on tort claims, however, the United States has limited the actions which may be instituted to those which do not arise out of discretionary functions of government. To state a cause of action under the Tort Claims Act, therefore, a plaintiff must

allege acts of negligence committed at the non-functional level, and a mere allegation that the acts were committed at the operational level is not sufficient. In this case, as set out in both the original complaint and the amended complaint, the acts of negligence alleged are failures of the Civil Aeronautics Board to require adequate inspection tests for aircraft, adequate medical examination standards for pilots, adequate weather information facilities and personnel, and adequate landing system controls at a place where a charter flight was permitted to land. All of these, if true, involve discretionary functions of government and alleging dereliction at the operational level does not convert the action into one that is permitted against the United States.

It is therefore ordered that this action be dismissed for failure to state a cause of action.