Frank E. PELUSO, Appellants, Administrator of the Estate of Terry Peluso

v.

UNITED STATES of America.

Louis J. PELUSO, Jr., and Patsy A. Peluso

v.

UNITED STATES of America.

No. 72–1379.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 6, 1973.

Decided March 6, 1973.

James J. McCabe, Jr., Richard A. Kraemer, Philadelphia, Pa., for appellants.

Carl J. Melone, Asst. U. S. Atty., Philadelphia, Pa., Harlington Wood, Jr., Washington, D. C., Robert E. J. Curran, U. S. Atty., Philadelphia, Pa., Morton Hollander, Robert M. Feinson, Dept. of Justice, Civ. Div., Washington, D. C., for appellee.

Before GIBBONS and HUNTER, Circuit Judges, and MUIR, District Judge.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from an order of the district court dismissing a complaint for failure to state a claim upon which relief may be granted. The suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, as a survival action by the administrator and a wrongful death action by the parents of decedent, a member of the New Hampshire National Guard who died while on active duty with the United States Army at Fort Dix, New Jersey. At that post he complained of and received treatment for an abdominal condition. The appellants contend that

his death was caused by the negligent treatment received from army doctors. The cause of death was acute peritonitis following a ruptured appendix which allegedly was improperly diagnosed and treated from August 23, 1970 to September 4, 1970.

In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that the United States is not liable for injuries to servicemen which are sustained while on active duty as a result of negligence of other armed forces personnel. Two of the three cases which were before the Court in *Feres* were medical malpractice cases, and one of these was also a wrongful death action. Thus the case is indistinguishable from this. *Feres* has consistently been followed by the Courts of Appeals. *See, e. g.,* DeFont v. United States, 453 F.2d 1239 (1st Cir.), cert. denied, 407 U.S. 910, 92 S.Ct. 2436, 32 L.Ed.2d 2436 (1972); Hall v. United States, 451 F.2d 353 (1st Cir. 1971) (per curiam); Henning v. United States, 446 F.2d 774 (3rd Cir. 1971), cert. denied, 404 U.S. 1016, 92 S.Ct. 676, 30 L.Ed.2d 664 (1971); Lowe v. United States, 440 F.2d 452 (5th Cir.) (per curiam), cert. denied, 404 U.S. 833, 92 S.Ct. 83, 30 L.Ed.2d 64 (1971); Buckingham v. United States, 394 F.2d 483 (4th Cir. 1968) (per curiam); Dilworth v. United States, 387 F.2d 590 (3rd Cir. 1967) (per curiam); Bailey v. DeQuevedo, 375 F.2d 72 (3d Cir.), cert. denied, 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 274 (1967).

The rationale of *Feres* was (1) that the relationship between a soldier and the United States was distinctly federal, while the Federal Tort Claims Act referred, for governing law, to the place where the act or omission occurred, and (2) that there was a federally funded care and compensation system for military personnel. For these reasons the Court concluded that Federal Tort Claims Act should not be construed to apply to armed services personnel for injuries not only in the course of but also arising out of activity incident to serv-

ice. The appellant argues quite forcibly that the rationale of *Feres* was abandoned by the Supreme Court when it held in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), that a veteran could recover for the negligent aggravation by Veterans Administration Hospital personnel of a service incurred injury, and in United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), that federal prison inmates could recover for injuries caused by the negligence of prison supervisors. If the matter were open to us we would be receptive to appellants' argument that *Feres* should be reconsidered, and perhaps restricted to injuries occurring directly in the course of service. But the case is controlling. Only the Supreme Court can reverse it. While we would welcome that result we are not hopeful in view of the number of recent instances in which, having been afforded the opportunity, it declined to grant certiorari. Possibly the only route to relief is by an application to Congress. Certainly the facts pleaded here, if true, cry out for a remedy.

The judgment of the district court will be affirmed.