**Carolyn Diane FIELDER, Plaintiff,**

**v.**

**UNITED STATES of America et al., Defendants.**

**No. CV 75–4218–AAH.**

United States District Court,
C. D. California.

Nov. 23, 1976.

Richard A. Daily, Anaheim, Cal., and Arthur J. Aune, Santa Ana, Cal., for Fielder.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Michael E. Wolfson, Asst. U. S. Atty., Los Angeles, Cal., for the United States.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

The motion of defendant, United States of America, to dismiss said defendant from the plaintiff's First Amended Complaint, having come on regularly for hearing before the Honorable A. Andrew Hauk, United States District Judge, on the 1st day of November, 1976, plaintiff having appeared through her attorneys, Richard A. Daily and Arthur J. Aune, and defendant, United States of America, having appeared through its attorneys, William D. Keller, United States Attorney, Frederick M. Brosio, Jr., Assistant United States Attorney, Chief, Civil Division, and Michael E. Wolf-

son, Assistant United States Attorney, by Michael E. Wolfson, the Court, having considered the pleadings herein, memoranda submitted, and the oral argument of counsel; now makes the following Findings of Fact and Conclusions of Law:

## I

### FINDINGS OF FACT

1. Plaintiff filed suit on December 18, 1975, naming the United States of America and two insurance companies as defendants.

2. In her Complaint, plaintiff alleges that she was the wife of one Donald G. Fielder and that her husband was killed on March 22, 1975, as the result of an accident involving a device commonly known as a "hang glider".

3. Plaintiff further alleges, in her Complaint, that the Administrator of the Federal Aviation Administration had determined that the class of devices commonly known as "hang gliders" were not aircraft within the meaning of the Federal Aviation Act,

49 U.S.C. § 1301(5)[1] and had, thus, not prescribed rules or regulations pertaining to safety in the design, manufacture, and/or operation of said devices.

4. Finally, plaintiff alleges that the Administrator had a duty to determine that "hang gliders" were aircraft within the meaning of 49 U.S.C. § 1301(5)[2], and prescribe rules and regulations for their safety pursuant to 49 U.S.C. § 1421(a),[3] and that the breach of the Administrator's duty was the proximate cause of Donald G. Fielder's death.

5. On March 22, 1976, the Court dismissed the defendant, United States of America, from the instant action on the grounds that plaintiff's claim against the United States was a tort claim and plaintiff had failed to file an appropriate administrative claim, as required by the Tort Claims Act, 28 U.S.C. § 2675.[4]

6. Subsequent to said dismissal, plaintiff filed an administrative claim with the Federal Aviation Administration demanding $750,000 for "the failure of the Federal

1. **§ 1301. Definitions**
    As used in this chapter, unless the context otherwise requires—
    (5) "Aircraft" means any contrivance now known or hereafter invented, used, or designed for navigation of or flight in the air.
    49 U.S.C. § 1301(5)

2. See Footnote 1.

3. **§ 1421. Powers and duties of Administrator Minimum standards; rules and regulations**
    (a) The Administrator is empowered and it shall be his duty to promote safety of flight of civil aircraft in air commerce by prescribing and revising from time to time:
    (1) Such minimum standards governing the design, materials, workmanship, construction, and performance of aircraft, aircraft engines, and propellers as may be required in the interest of safety;
    (2) Such minimum standards governing appliances as may be required in the interest of safety;
    (3) Reasonable rules and regulations and minimum standards governing, in the interest of safety, (A) the inspection, servicing, and overhaul of aircraft, aircraft engines, propellers, and appliances; (B) the equipment and facilities for such inspection, servicing, and overhaul; and (C) in the discretion of the Administrator, the periods for, and the manner in, which such inspection, servicing, and overhaul shall be made, including provision

for examinations and reports by properly qualified private persons whose examinations or reports the Administrator may accept in lieu of those made by its officers and employees;
    (4) Reasonable rules and regulations governing the reserve supply of aircraft, aircraft engines, propellers, appliances, and aircraft fuel and oil, required in the interest of safety, including the reserve supply of aircraft fuel and oil which shall be carried in flight;
    (5) Reasonable rules and regulations governing, in the interest of safety, the maximum hours or periods of service of airmen, and other employees, of air carriers; and
    (6) Such reasonable rules and regulations, or minimum standards, governing other practices, methods, and procedure, as the Administrator may find necessary to provide adequately for national security and safety in air commerce.
    49 U.S.C. § 1421(a)

4. **§ 2675. Disposition by federal agency as prerequisite; evidence**
    (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the

Aviation Administration to regulate those devices commonly known as hang gliders", said failure being the "proximate cause of the death of Donald George Fielder".

7. On or about September 29, 1976, plaintiff filed a First Amended Complaint, realleging her cause of action against the United States of America. Plaintiff's First Amended Complaint is identical, in all pertinent respects, to her original Complaint from which the United States was dismissed on March 22, 1976.

appropriate Federal agency and his claim shall have been finally denied by the agency in writing and set by certified or registered mail. The failure of an agency to make final disposition of .a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.
As amended July 18, 1966, Pub.L. 89–506, § 2, 80 Stat. 306.
28 U.S.C. § 2675

**5. § 1346. United States as defendant**

(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
28 U.S.C. § 1346(b)

8. To the extent these Findings of Fact also contain Conclusions of Law, they will be deemed incorporated in the Conclusions of Law.

## II

## CONCLUSIONS OF LAW

1. This is a tort action brought under the Tort Claims Act, 28 U.S.C. § 1346(b) [5] and § 2671, *et seq.*.[6]

**6.** CHAPTER 171.—TORTS CLAIMS PROCEDURE
**§ 2671. Definitions**
As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

"Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.

"Acting within the scope of his office or employment", in the case of a member of the military or naval forces of the United States, means acting in line of duty.
As amended July 18, 1966, Pub.L. 89–506, § 8, 80 Stat. 307.
**§ 2672. Administrative adjustment of claims**
The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred: *Provided*, That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee.

Subject to the provisions of this title relating to civil actions on tort claims against the United States, any such award, compromise, settle-

ment, or determination shall be final and conclusive on all officers of the Government, except when procured by means of fraud.

Any award, compromise, or settlement in an amount of $2,500 or less made pursuant to this section shall be paid by the head of the Federal agency concerned out of appropriations available to that agency. Payment of any award, compromise, or settlement in an amount in excess of $2,500 made pursuant to this section or made by the Attorney General in any amount pursuant to section 2677 of this title shall be paid in a manner similar to judgments and compromises in like causes and appropriations or funds available for the payment of such judgments and compromises are hereby made available for the payment of awards, compromises, or settlements under this chapter.

The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.

As amended July 18, 1966, Pub.L. 89–506, §§ 1, 9(a), 80 Stat. 306, 308.

### § 2673. Reports to Congress
### Repeal

*Section 1(1) of Pub.L. 89–348, Nov. 8, 1965, 79 Stat. 1310, repealed the requirement that an annual report to Congress be made of the administrative adjustment of tort claims of $2,500 or less, stating the name of each claimant, the amount claimed, the amount awarded, and a brief description of the claim.*

### § 2674. Liability of United States

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof. June 25, 1948, c. 646, 62 Stat. 983.

### § 2675. Disposition by federal agency as prerequisite; evidence

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall

have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, crossclaim, or counterclaim.

(b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

(c) Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

As amended July 18, 1966, Pub.L. 89–506, § 2, 80 Stat. 306.

### § 2676. Judgment as bar

The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim. June 25, 1948, c. 646, 62 Stat. 984.

### § 2677. Compromise

The Attorney General or his designee may arbitrate, compromise, or settle any claim cognizable under section 1346(b) of this title, after the commencement of an action thereon. As amended July 18, 1966, Pub.L. 89–506, § 3, 80 Stat. 307.

### § 2678. Attorney fees; penalty

No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title.

Any attorney who charges, demands, receives, or collects for services rendered in connection with such claim any amount in excess of that allowed under this section, if recovery be had, shall be fined nor more than $2,000 or imprisoned nor more than one year, or both. As amended July 18, 1966, Pub.L. 89–506, § 4, 80 Stat. 307.

### § 2679. Exclusiveness of remedy

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

(e) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect. June 25, 1948, c. 646, 62 Stat. 984; Sept. 21, 1961, Pub.L. 87–258, § 1, 75 Stat. 539.
As amended July 18, 1966, Pub.L. 89–506, § 5(a), 80 Stat. 307.

### § 2680. Exceptions

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

(b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.

(d) Any claim for which a remedy is provided by sections 741–752, 781–790 of Title 46, relating to claims or suits in admiralty against the United States.

(e) Any claim arising out of an act or omission of any employee of the Government in administering the provisions of sections 1–31 of Title 50, Appendix.

(f) Any claim for damages caused by the imposition or establishment of a quarantine by the United States.

(g) Repealed. Sept. 26, 1950, c. 1049, § 13(5), 64 Stat. 1043.

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

(i) Any claim for damages caused by the fiscal operations of the Treasury or by the regulation of the monetary system.

(j) Any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war.

(k) Any claim arising in a foreign country.

(l) Any claim arising from the activities of the Tennessee Valley Authority.

(m) Any claim arising from the activities of the Panama Canal Company.

(n) Any claim arising from the activities of a Federal land bank, a Federal intermediate credit bank, or a bank for cooperatives.
June 25, 1948, c. 646, 62 Stat. 984; July 16, 1949, c. 340, 63 Stat. 444; Sept. 26, 1950, c. 1049, §§ 2(a)(2), 13(5), 64 Stat. 1038, 1043; Aug. 18, 1959, Pub.L. 86–168, Title II, § 202(b), 73 Stat. 389.
As amended Mar. 16, 1974, Pub.L. 93–253, § 2, 88 Stat. 50.
28 U.S.C. § 2671, et seq.

2. Plaintiff filed an administrative tort claim with the Federal Aviation Administration on or about March 22, 1976, and said claim was deemed denied by operation of law six months thereafter, 28 U.S.C. § 2675(a).[7]

3. The type and scope of air safety rules and regulations which the Administrator of the Federal Aviation Administration prescribes, pursuant to 49 U.S.C. § 1421(a),[8] is a duty within the sole and sound discretion of the Administrator, *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *Miller v. United States*, 378 F.Supp. 1147 (E.D.Kentucky, 1974); *Rowe v. United States*, 272 F.Supp. 462 (W.D. Penn., 1964); *Kullberg v. United States*, 271 F.Supp. 788 (W.D.Penn., 1964); *Braniff Airways v. United States*, 203 F.Supp. 602 (S.D.Florida, 1961).

4. 49 U.S.C. § 1421(a)[9] empowers the Administrator of the Federal Aviation Administration to prescribe rules and regulations which promote the safety of aircraft. 49 U.S.C. § 1301(5)[10] defines aircraft in a broad and general manner, thus leaving to the sole and sound discretion of the Administrator the duty of determining what devices constitute aircraft within the meaning of the Act.

5. 28 U.S.C. § 2680(a)[11] bars suits under the Tort Claims Act for an alleged breach of a discretionary duty on the part of an employee or official of the United States, acting within the course and scope of his or her employment.

6. The Administrator's alleged failure to determine that hang gliders were aircraft within the meaning of the Federal Aviation Act is a discretionary function, and suit thereon, under the Tort Claims Act, is barred by 28 U.S.C. § 2680(a).[12]

7. The Administrator's alleged failure to promulgate rules and regulations which promote the safety of hang gliders is a discretionary function, and suit thereon, under the Tort Claims Act, is barred by 28 U.S.C. § 2680(a).[13]

8. The federal defendant, United States of America, must be dismissed from the instant action since the Court lacks jurisdiction over the subject matter of the action under the Tort Claims Act, and plaintiff has failed to state a claim upon which relief can be granted against the United States.

9. To the extent these Conclusions of Law also contain Findings of Fact, they will be deemed incorporated in the Findings of Fact.

7. See Footnote 4.

8. See Footnote 3.

9. See Footnote 3.

10. See Footnote 1.

11. § 2680. Exceptions

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a)

12. See Footnote 11.

13. See Footnote 11.