Susan E. ECKLES, Executrix of the Last
Will and Testament of Donald R.
Eckles, Deceased,

v.

UNITED STATES of America.

No. 78–71 Civil.

United States District Court,
M. D. Pennsylvania.

March 6, 1979.

Wayne F. Shade, Carlisle, Pa., for plaintiff.

Paul Killion, Asst. U. S. Atty., Harrisburg, Pa., Cecile Hatfield, Trial Atty., Aviation Section, U. S. Dept. of Justice, Washington, D. C., John Harrison, Gary Allen, Fed. Aviation Admin. Dept. of Transportation, Washington, D. C., Capt. Peter Dalmut, U. S. Dept. of Army, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff has instituted this action pursuant to the Federal Tort Claims Act (hereinafter the Act), 28 U.S.C. §§ 1346(b), 2671 et seq.[1] She seeks, as widow and executrix, to recover damages for the death of Lieutenant Colonel Donald R. Eckles, killed in a plane crash while flying, for recreational purposes, as a member of the Carlisle Barracks Aero Club. Plaintiff alleges that the training received by Lt. Colonel Eckles from an Aero Club instructor was negligent and inadequate, specifically, that he was not taught how to recover from a spin or stall/spin; that the plane which decedent was flying was improperly rigged as a result of negligence; and that the Federal Aviation Administration (hereinafter FAA) negligently failed to require spin training of all student pilots. Presently before the court is a motion for summary judgment by defendant on the grounds that a) plaintiff is barred from recovery based on the *Feres* doctrine[2]; b) a prior judgment in a Pennsylvania state court bars plaintiff here based on collateral estoppel; and c) the

---

**1.** On February 14, 1979 the court, sua sponte, raised the question of subject matter jurisdiction and required plaintiff to file specific information indicating that the jurisdictional prerequisites had been met. Plaintiff filed the requested information, *see* doc. 25, filed Feb. 20, 1979, and it appears that this court has subject matter jurisdiction over the action.

**2.** From *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

alleged action or inaction of the FAA is a discretionary function encompassed by 28 U.S.C. § 2680 and, hence, no action can be maintained pursuant to the Act based on that action or inaction. The motion will be granted, primarily on the basis of the *Feres* doctrine, *see* infra.

### FACTS[3]

At the time of his death on July 25, 1975, Lieutenant Colonel Eckles was on active duty in the United States Army, assigned to the United States Army Logistics Evaluation Agency, New Cumberland Army Depot, New Cumberland, Pennsylvania. Decedent was not on authorized leave or pass status and thus was technically subject to military duties twenty-four (24) hours a day, including during the day of the crash.

Lt. Colonel Eckles was a member of the Carlisle Barracks Aero Club (hereinafter the Club). The Club is a nonappropriated fund instrumentality of the Federal Government whose basic purpose is to provide an opportunity for its members to engage in recreational flying and to encourage them to develop skills in aeronautics and related fields. Only military personnel, certain civilian employees of the Department of Defense, plus dependents over sixteen years of age, may be members of the Club. Decedent was permitted to be a member because of his active duty status in the Army.

At the time of the crash decedent was solo flying, for recreation, a Cessna Model 150H Aircraft, owned by the Club. He was authorized to use the aircraft only because of his membership in the Club. Apparently the plane entered into a spin or stall/spin, from which he was unable to recover. Plaintiff, his widow, is currently receiving the survivor benefits as set out under federal law for services-connected deaths. *See* 38 U.S.C. §§ 401 et seq.

### DISCUSSION

In the seminal case of *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) the United States Supreme Court held that ". . . the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." p. 146, 71 S.Ct. p. 159. That opinion decided three separate cases. Two involved malpractice claims against military medical personnel by men who were on active duty while they underwent the allegedly negligent treatment. The third involved a barracks' fire which killed a serviceman. Negligence was alleged in housing him in a barracks unsafe because of a defective heating plant and in not having an adequate fire watch. The court held that none of the claimants could maintain an action against the federal government under the Act because they were all engaged in activity incident to service at the time of the injury.

There are numerous policy considerations underlying the *Feres* doctrine. Namely; 1) A primary purpose of the Act was to provide a remedy where none had existed. This would not apply to servicemen since a comprehensive system of relief had already been developed and still exists for military personnel and their dependents. 2) Under the Act, liability is determined by the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). The government is liable where a private person in a similar situation under state law would be liable. It generally makes sense to apply local law under the Act since that is the law that ordinarily controls tort actions and normally a claimant has chosen his location. But this makes little sense in the context of military personnel, who have no control over their location. 3) There is really no overall situation equivalent to the military

---

**3.** Pursuant to the proper procedure for ruling on a summary judgment motion, the court accepts as true facts alleged in the complaint uncontroverted by defendant and facts asserted in the affidavits and exhibits (bylaws of the Carlisle Barracks Aero Club and survivor annu- ity pay record of plaintiff) submitted in support of the summary judgment motion uncontroverted by plaintiff. Plaintiff did not controvert any of the facts contained in defendant's exhibits and affidavits.

under state law where liability is generally imposed. The relationship of a soldier and the United States is distinctly federal. *See Peluso v. United States,* 474 F.2d 605 (3rd Cir. 1973) and 4) The possible serious adverse results that might occur in terms of discipline and military relationships if suits under the Act were permitted for negligent acts committed in the course of duty. *See United States v. Brown,* 348 U.S. 110, 112, 75 S.Ct. 141, 99 L.Ed. 139 (1954); *Camassar v. United States,* 400 F.Supp. 894 (D.Conn. 1975).

Although there have been many cases interpreting the *Feres* decision and the rule and rationale of the doctrine are easy to state, it is difficult to set out a standard with which to judge whether particular behavior is in the course of activity incident to service. Furthermore, it is clear that the presence or absence of one or more of the four policy reasons set out above is not determinative. Rather, the decided cases have focused on what the claimant was doing when the injury occurred, where the injury happened, and the claimant's duty status at the time of the injury.[4] This type of approach has the advantage of simplicity and makes sense, given the fact that there really is no way to apply the policy considerations to all the factual possibilities. And this approach also emphasizes what I believe to be the most important factor; namely, the extent to which the injured serviceman's activity was related to his status as a member of a military service.

I think it is clear that under the decided cases this action is barred by the *Feres* doctrine, with one case, *Woodside v. United States of America,* No. C–1–75–447 (S.D. Ohio, Feb. 28, 1977), very much on point. There an Air Force captain, not a pilot, was on leave and was killed when the plane he was flying in with his pilot-instructor crashed. The plane was owned by an Aero Club. The court found *Feres* to be applicable and the action barred.[5] As to other cases barring actions based on *Feres see* for e. g., *Hass v. United States,* 518 F.2d 1138 (4th Cir. 1975) (plaintiff injured riding a horse, for recreational purposes, rented from a stable owned and operated by the Marine Corps); *Herreman v. United States,* 476 F.2d 234 (7th Cir. 1973) (claimant, a member of the National Guard, was killed in a crash of a military plane. He was returning from a purely social visit and had obtained a ride on the aircraft, on a space available basis, because he was military personnel. While aboard the plane he was subject to military discipline and courtesies); *Chambers v. United States,* 357 F.2d 224 (8th Cir. 1966) (decedent, an enlisted man on active duty, died while swimming in a pool on a military base. Negligence was alleged in regard to the safety of the pool); *Camassar v. United States,* 400 F.Supp. 894 (D.Conn.1975) (decedent was a mate on a submarine. After loading the ship in the late morning he left on authorized liberty. Later that day he returned to the ship with another serviceman in that other person's private truck in order to drop off some personal property. After leaving the ship the truck got caught in railroad tracks on a depot owned by the Navy and fell into the water. Court in effect found the depot to be equivalent to a base and barred the claim); *Mariano v. United States,* 444 F.Supp. 316 (E.D.Va.1977) (soldier injured at off duty job at recreation club owned by Navy).

I can see no relevant difference between the situation presented here and that in the

4. In *Camassar v. United States,* 400 F.Supp. 894 (D.Conn.1975), the court stated "The decided cases seem to indicate that if the injury occurred on a base, the claim is barred, whereas an injury off the base might or might not be barred depending on what the claimant was doing." Although the situs of the injury is important, there is no existing line of cases considering this factor to be determinative. *See Bryson v. United States of America,* 463 F.Supp. 908 (E.D.Pa.1978).

5. Plaintiff argues, *inter alia,* that the *Woodside* case is distinguishable because in that case there was a covenant not to sue. I do not believe that was the relevant factor. Plaintiff also argues that the case is not controlling authority, which is true, and that it misconstrued *Feres.* Even if that case did not exist, however, it would not alter my decision.

cases cited above. Lt. Colonel Eckles was on active duty.[6] Most importantly, he could not have been a member of the Club or flown the plane without having been part of the armed forces. Hence, his activity was directly related to his status as a serviceman. Furthermore, if a serviceman could sue for injuries resulting from activities related to the Aero Club, the serious adverse effects regarding military discipline and military relationships with which the Supreme Court was concerned, *see supra*, could materialize. It is true that Lt. Colonel Eckles was not killed on base. However, he was in a plane owned by the Club and, as stated, he could only be there because of his status as a serviceman. Thus, his injuries arose out of an activity incident to service.[7]

Plaintiff's reliance on *Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), (which is still good law, *see United States v. Brown*, supra), and *United States v. Hainline*, 315 F.2d 153 (10th Cir. 1963), cert. denied 375 U.S. 895, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963) is misplaced. In *Brooks* the injured servicemen were on furlough, driving in their private vehicle away from any military base when they were involved in a car crash with, by coincidence, a military vehicle. The fact that claimants were in the military was totally unrelated to the circumstances of the accident. In *Hainline*, the court was not concerned with the *Feres* doctrine, but rather the issue was whether the United States could be sued under the Act; specifically, whether an Air Force officer, while flying a plane owned by the Aero Club, which crashed and injured the civilian plaintiff, was acting within the scope of his employment. For military personnel, this means "acting in [the] line of duty", 28 U.S.C. § 2671. The court determined that the officer was not acting within the scope of his employment. Kansas law was applied in order to make that determination.[8] The case is simply not relevant to the issue presented here. There are different concerns involved in determining whether the United States can be a defendant in a particular situation under the Act. Our concern is not whether decedent was an employee of the Club and acting within the scope of his employment, but rather, whether the *Feres* doctrine applies. It is not inconsistent that a serviceman could be engaged in an activity incident to service according to federal law such that *Feres* applies, barring the action, and at the same time not be acting within the scope of his employment under the applicable state law such that the United States could not be a defendant under the Act. When deciding whether the United States can be a defendant the question is whether a private person (an employer) would be liable in the same situation.

Having decided that the *Feres* doctrine applies and this suit is therefore barred, it is not necessary to reach the other contentions raised in the summary judgment motion. However, I think it worth noting that as to the claim involving the alleged negligence of the FAA, suit is also barred, based on 28 U.S.C. § 2680. Since determining the type and scope of air safety regulations is a duty solely within the discretion of the

---

**6.** It is true that his active duty status might have very little effect on the fact that he was free to pursue his personal activities. Nevertheless, he was subject to military discipline and was "on call."

**7.** Some courts have expressed disapproval or doubts concerning the application of the *Feres* doctrine, including the court of appeals for this circuit. *See Thomason v. Sanchez*, 539 F.2d 955, 957 (3rd Cir. 1976); cert. denied, 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977); *Peluso v. United States*, 474 F.2d 605 (3rd Cir. 1973). Nevertheless, the doctrine is still followed in this circuit. *See Thomason*, supra; *Peluso*, supra. Furthermore, I believe this case

fits squarely within the *Feres* doctrine as it has developed in the circuits and that, as stated, the injury occurred during activity incident to service.

**8.** Actually the case is somewhat confusing. It applies Kansas law to determine whether the pilot was acting within the *scope* of employment as an Air Force officer. It then states that the United States could be liable for the negligence of an employee of an Aero Club, that the fact of employment is a question of federal law, and that there is no federal rule to the effect that a member of the Club is an employee of the United States.

FAA, *see Miller v. United States*, 522 F.2d 386 (6th Cir. 1975); *Fielder v. United States*, 423 F.Supp. 77 (C.D.Cal. 1976); *Miller v. United States*, 378 F.Supp. 1147 (E.D.Ky. 1974), aff'd *Miller v. United States, supra; Marr v. United States*, 307 F.Supp. 930 (E.D.Okl. 1969); *Cf. Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), it is also within its discretion to determine the type of air safety techniques which should be taught.