Alan J. WALLS

v.

UNITED STATES of America, et al.

No. IP 83–218–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 8, 1987.

John F. Vargo, Indianapolis, Ind., Nicholas Gilman, Smiley, Olson, Gilman & Pangia, Washington, D.C., for plaintiff.

Robert J. Gross, U.S. Dept. of Justice, Washington, D.C., Charles Goodloe, Asst. U.S. Atty., Indianapolis, Ind., for defendants.

STECKLER, District Judge.

This matter is before the Court upon the defendant's motions for summary judgment and the plaintiff's cross motion for summary judgment. The issue in this case is whether the plaintiff, Alan J. Walls, can bring an action against the United States for injuries he suffered in the crash of an Aero Club plane even though he was a member of the United States Army at the time. Walls brought his action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and §§ 2671–2680. Under *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the Government is not liable under the FTCA for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." This Court now finds that the *Feres* doctrine bars the action and the case must be dismissed for lack of subject matter jurisdiction.

As stated, the parties in this case have filed motions for summary judgment. The *Feres* doctrine, however, is an exception to the waiver of sovereign immunity contained in the FTCA. *Dalehite v. United States,* 346 U.S. 15, 31 n. 25, 73 S.Ct. 956, 965–66 n. 25, 97 L.Ed. 1427 (1953). Therefore any claim barred by the doctrine must be dismissed for lack of subject matter jurisdiction. *See West v. United*

*States,* 729 F.2d 1120, 1121 n. 1 (7th Cir. 1984), *cert. denied,* 471 U.S. 1053, 105 S.Ct. 2113, 85 L.Ed.2d 478 (1985). Technically, a motion for summary judgment is not the proper method to challenge the Court's subject matter jurisdiction. However, the Court may treat the Fed.R.Civ.P. 56 motion either as a motion to dismiss for lack of subject matter jurisdiction under Fed.R. Civ.P. 12(b)(1) or as a "suggestion" under Fed.R.Civ.P. 12(h)(3) that the Court is without jurisdiction. *See Mayes v. Gordon,* 536 F.Supp. 2, 4 n. 1 (E.D.Tenn.1980). In any case, the Court is obligated "to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977).

■ In its search for federal jurisdiction, the Court is not limited to the jurisdictional allegations of the complaint. Rather, the Court may properly consider whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists. *Grafon Corporation v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979). On the basis of this complaint and the undisputed facts evidenced in the record, the Court finds that it lacks subject matter jurisdiction over this action.

The plaintiff, Alan J. Walls, was injured in an airplane crash on September 25, 1980. At the time of the accident, Walls was a member of the United States Army. The plane in which he was flying was a Cessna-172 aircraft on lease to the Peterson Air Force Base Aero Club. Walls was a passenger in the plane; the pilot of the plane was Daniel J. Spotts, an officer in the United States Army and a member of the Aero Club.

In February 1983, Walls sued the United States under the Federal Tort Claims Act on a negligence theory. In *Feres,* the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. Thus, this case turns on whether Walls' presence in the Aero Club aircraft was incident to service. If Walls was acting incident to service when the plane crashed, then this case must be dismissed pursuant to the *Feres* doctrine.

Although there have been many cases interpreting the *Feres* decision and the rule is easy to state, it is difficult to set out a standard with which to judge whether particular behavior is in the course of activity incident to service. In *United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), the Supreme Court stated that the "*Feres* doctrine cannot be reduced to a few bright-line rules; each case must be examined in light of the statute as it has been construed in *Feres* and subsequent cases." *Id.* 105 S.Ct. at 3043. The Court emphasized that the principal policy underlying the *Feres* doctrine is the protection of military discipline and military decision making. *Id. See also United States v. Muniz,* 374 U.S. 150, 162, 83 S.Ct. 1850, 1857, 10 L.Ed.2d 805 (1963), and *United States v. Brown,* 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954). This Court therefore must determine whether the lawsuit "requires the civilian court to second-guess military decisions" and whether it "might impair essential military discipline." *Shearer,* 105 S.Ct. at 3043, citing *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 673, 97 S.Ct. 2054, 2058, 52 L.Ed.2d 665 (1977), and *Chappell v. Wallace,* 462 U.S. 296, 300, 103 S.Ct. 2362, 2365, 76 L.Ed.2d 586 (1983).

In *Eckles v. United States,* 471 F.Supp. 108 (M.D.Pa.1979), a member of the Aero Club was killed in the crash of an airplane owned by the Club. The plaintiff brought an action seeking to recover damages under the FTCA for the death of the Aero Club member. The Court dismissed the case under the *Feres* doctrine and noted that "if a serviceman could sue for injuries resulting from activities relating to Aero Clubs, the serious adverse effects regarding military discipline and military relationships with which the Supreme Court was concerned ... could materialize." *Id.* at 111 (citations omitted). It is not necessary

that the serviceman be subject to the compulsion of military orders or be performing some military mission. The *Feres* doctrine applies even if the soldier is on leave or off duty when (1) the soldier is injured while taking advantage of military privileges generally restricted to the military and not generally permitted civilians; or (2) the soldier is injured while under military jurisdiction. *Herreman v. United States,* 476 F.2d 234, 235 (7th Cir.1973).

■ In this case the plaintiff was injured while on active duty with the United States Army. He was under military jurisdiction at the time of the accident. Additionally, the plaintiff was taking advantage of the Aero Club, an instrumentality of the United States Air Force. The purpose of the Club is to provide military personnel with the opportunity to engage in recreational flying. If the courts allow servicemen to bring lawsuits for injuries incurred while engaged in Aero Club activities, there could be adverse effects on military discipline and decision making. Therefore, the Court finds that at the time of his injury, the plaintiff was engaged in activity incident to service and cannot bring suit against the United States under the Federal Tort Claims Act. *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950).

■ Accordingly, the Court lacks subject matter jurisdiction and the case must be and hereby is DISMISSED.

IT IS SO ORDERED.