**Alan J. WALLS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 87–1096.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 9, 1987.

Decided Oct. 22, 1987.

Rehearing and Rehearing En Banc Denied Nov. 23, 1987.

Nicholas Gilman, Smiley, Olson, Filman & Pangia, Washington, D.C., for plaintiff-appellant.

Nicholas S. Zeppos, Asst. U.S. Atty. (John Daniel Tinder, U.S. Atty.) Indianapolis, Ind., for defendant-appellee.

Before CUMMINGS, COFFEY and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

In *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the Supreme Court of the United States held that the federal Government is not liable under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, for "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." See also *Cross v. Fiscus*, 830 F.2d 755, 756 (7th Cir.1987). Plaintiff Alan J. Walls, an active-duty service member of the United States Army, appeals from the district court's dismissal for lack of subject matter jurisdiction of his action against the United

States[1] for $813,754 for injuries he suffered in the crash of an Air Force Aero Club airplane.[2] Basically, Walls alleges both that the Aero Club failed to provide sufficient supervision of the pilot of the aircraft, and that he was negligent in flying the plane. We affirm for the reasons that follow.

## I.

In reviewing the grant of the motion to dismiss for lack of subject matter jurisdiction, it is necessary to consider as true all of plaintiff's factual allegations. *Roman v. U.S. Postal Service,* 821 F.2d 382, 385 (7th Cir.1987). Here we deal more extensively with the facts relied on by the district court in its brief opinion reported in 651 F.Supp. 1049, 1051 (S.D.Ind.1987). Walls, a Specialist (4th Class) in the United States Army, served as an air traffic coordinator at Ft. Carson, Colorado. There he met Chief Warrant Officer Daniel J. Spotts, an Army helicopter pilot and a member of the Aero Club at Peterson Air Force Base in Colorado. When Walls learned that Spotts planned to fly to Sacramento, California, a Cessna 172 aircraft on lease to the Aero Club, he asked Spotts for a ride to Salt Lake City to visit his family; Spotts consented to take him.

On September 25, 1980, Spotts left the Peterson base in the Cessna airplane and picked up Walls and two other passengers, an Army private and wife, at Butts Army Airfield at Ft. Carson. Earlier, Spotts had filed a military flight plan with the Aero Club which indicated his ultimate destination as the McClellan Air Force Base in Sacramento. The plane stopped to refuel in Heber City, Utah, and shortly after take-off, it crashed with all on board surviving. Spotts claimed that when the airplane engine began to run "rough" and could not clear a mountain pass, he attempted to return to the Utah airport but the plane stalled. An Air Force investigation later reported that Spotts had violated five civilian federal aviation regulations. The investigation also criticized the Aero Club for assigning an aircraft with a known history of starter problems, for failing to check the clearance for violation of crew duty time, and for failing to provide Spotts with adequate mountain-flying training. The investigation further concluded that the crash was caused by Spotts' gross negligence.

Walls retired from the Army in 1981 and began to receive the full range of veterans' benefits payable as a result of his injuries. This included disability retirement pay from the United States Army pursuant to 10 U.S.C. § 1201, retirement pay under 10 U.S.C. § 1401, and disability compensation pay under 38 U.S.C. §§ 331–335. Moreover, he became eligible for Veterans Administration hospital and medical care under 38 U.S.C. §§ 610 *et seq.*

Pursuant to 28 U.S.C. § 2401 Walls filed an administrative claim with the Air Force; it was denied on August 16, 1982. On February 13, 1983, he sued the United States under the FTCA on a negligence theory. The United States filed a motion for summary judgment, which the district court properly converted into a motion to dismiss for lack of subject matter jurisdiction. See *West v. United States,* 729 F.2d 1120, 1121 n. 1 (7th Cir.1984), certiorari denied, 471 U.S. 1053, 105 S.Ct. 2113, 85

---

1. The other defendants were the Aero Club at Peterson Air Force Base in Colorado, pilot Daniel J. Spotts, and airplane owner Larry G. Gillen. The Club was dismissed by the district judge and the individual defendants by the plaintiff.

2. Air Force Aero Clubs are established and operate as non-appropriated instrumentalities of the United States under the control of the Air Force. See Air Force Regulation (AFR) 215–1, Volume II, 12 April 1974, p. 5. The Clubs "are established as recreational activities to promote morale" among members of the military. See *Woodside v. United States,* 606 F.2d 134, 136 (6th Cir.1979), certiorari denied, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320. Only active-duty military personnel of the United States Armed Forces are eligible for "active membership" in Aero Clubs. See *id.* Aero Clubs are subject to strict and pervasive control of the Air Force, and each Air Force Base commander has the overall responsibility for supervision of the activities of the base's Aero Club. Acquisition, operation, and management of Aero Clubs are all governed by Air Force regulations. See *id.* at 142. The Aero Club involved in this case was located at the Peterson Air Force Base in Colorado.

L.Ed.2d 478 (1985). The question before us is whether, as Judge Steckler held, the *Feres* doctrine bars Walls' suit. This turns on whether Walls was acting incident to military service when the Aero Club plane crashed. Both the policy rationales underlying *Feres* and subsequent decisions interpreting its application require holding that this case was indeed properly dismissed.

## II.

*United States v. Johnson,* — U.S. —, 107 S.Ct. 2063, 95 L.Ed.2d 648, provides the Supreme Court's most recent exposition of the *Feres* doctrine. In *Johnson,* a helicopter pilot for the United States Coast Guard on active duty was killed in a crash while searching for a lost boat. His wife sought damages on the ground that the Federal Aviation Administration (FAA) flight controllers negligently caused her husband's death. 107 S.Ct. at 2065. Cf. *Davis v. United States,* 824 F.2d 549, 555 (7th Cir. 1987) (FAA officials who reported weather conditions to pilot breached no duty to him under FTCA when plane crashed). The Court here held that even though the wife alleged negligence on the part of civilian employees of the federal government, the wife's claim was barred under the FTCA because the pilot was killed incident to military service. In its analysis, the Court identified three factors that underlie the *Feres* doctrine: (1) the distinctively federal nature of the relationship between the government and members of its armed forces, which argues against subjecting the government to liability based on the fortuity of the situs of the injury; (2) the availability of alternative compensation systems; [3] and (3) the fear of damaging the military disciplinary structure. *Johnson,* 107 S.Ct. at 2065 n. 2; see also *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 671–72, 97 S.Ct. 2054, 2057–58, 52 L.Ed.2d 665 (1977); *Atkinson v. United States,* 825 F.2d 202, 204 (9th Cir.

1987). As noted by the Ninth Circuit, *Johnson* "appears to breathe new life into the [above] first two *Feres* rationales, which until that time had been largely discredited and abandoned." *Atkinson,* 825 F.2d at 205–06.

The district court in this case relied on the above third *Feres* rationale by holding that "[i]f the courts allow servicemen to bring lawsuits for injuries incurred while engaged in Aero Club activities, there could be adverse effects on military discipline and decision making." 651 F.Supp. at 1051. We agree, and in so doing affirm the reasoning of the lower tribunal. Our earlier decision in *Herreman v. United States,* 476 F.2d 234, 235 (7th Cir.1973), is controlling. There the claimant, a member of the National Guard on vacation in Florida, flew on a military aircraft to his home in Wisconsin. After the plane crashed, the injured serviceman sued for damages under the FTCA. While acknowledging that the plaintiff was on a purely social visit and at the time of the crash was not on any mission pertaining to his military service, *id.,* the Court found that the activity was indeed incident to military service: he was at all times subject to military discipline and supervision. This Court held that the *Feres* doctrine applies even if the soldier is on leave or off duty when he is injured while taking advantage of military privileges generally restricted to the military, or if he is injured while under military jurisdiction. *Id.*

The Sixth Circuit in *Woodside* (n. 2 *supra*) decided similarly on a factually analogous scenario. There an Air Force captain, not a pilot, was on leave and was killed when the Aero Club plane containing him and his pilot-instructor crashed. The court held that an activity was "incident to service" where "an activity is provided directly by the military or where there is substantial involvement by the Armed Forces in the activity." *Woodside,* 606 F.2d at

---

**3.** That plaintiff has received his veteran's disability benefits in this case would not preclude his recovery apart from the *Feres* bar. *United States v. Brown,* 348 U.S. 110, 113, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954); *Brooks v. United States,* 337 U.S. 49, 53, 69 S.Ct. 918, 920, 93 L.Ed. 1200 (1949). *United States v. Shearer,* 473 U.S. 52, 58 n. 4, 105 S.Ct. 3039, 3043 n. 4, 87 L.Ed.2d 38 (1985), also seems to take this position. At oral argument, plaintiff's counsel suggested that any benefits Walls received would be subtracted from the ad damnum.

142. The reasoning in *Woodside* is persuasive in Walls' situation, for if Walls could sue for injuries resulting from activities related to the Aero Club, serious adverse effects regarding military discipline and relationships could develop. See also *Cross, supra,* at 757. *Eckles v. United States,* 471 F.Supp. 108, 111 (M.D.Pa.1979) (Aero Club member killed in club airplane crash barred from damages under FTCA).

Walls' reliance on *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, is misplaced, for in that case the injured servicemen were on furlough and were driving in their privately owned car when they coincidentally crashed with a military vehicle. That the claimants were in the military was totally unrelated to the circumstances of the accident, and the military discipline rationale of *Feres* would not apply. See *United States v. Brown,* 348 U.S. 110, 112, 75 S.Ct. at 143.

Although traveling on an "out of bounds" pass, Walls was considered to be on active duty and subject to military jurisdiction. 651 F.Supp. at 1051. Moreover, he could not have been a member of the Aero Club without being part of the armed forces. His activity therefore was directly related to his serviceman status. Accordingly, as "the circumstances of this case thus fall within the heart of the *Feres* doctrine as it consistently has been articulated," *Johnson,* 107 S.Ct. at 2069, the district court's dismissal of plaintiff's case for lack of subject matter jurisdiction should be

AFFIRMED.