**ELD-009**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3074
_____

JAIN-MIECELL IRWIN ROBERSON,
                                                    Appellant

v.

DEPARTMENT OF US NAVY;
DEPARTMENT OF VETERANS AFFAIRS; CYNTHIA E. ABAIR; BRANCH
HEALTH CLINIC - MARINE CORPS; AIR STATION MIRAMAR
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-20-cv-02058)
District Judge: Honorable Yvette Kane
_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 10, 2022

Before: JORDAN, PORTER, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 13, 2022)
_____

OPINION<sup>*</sup>
_____

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jain-Miecell Irwin Roberson is a veteran of the United States Navy. In November 2020, he brought this action against the United States under the Federal Tort Claims Act (FTCA). He claimed that in 2010, while he was on active duty, Navy medical providers negligently failed to diagnose him with sleep apnea.[1] As a result of their negligent treatment, he alleged, he suffered adverse effects until 2018, when he was properly diagnosed. The Government moved to dismiss the complaint for lack of jurisdiction on the ground that Roberson's claim was barred by the Feres doctrine. The District Court granted the motion and dismissed the complaint. Roberson appealed. The Government now moves for summary affirmance.

We grant the Government's motion and will summarily affirm the District Court's order because no substantial question is presented by this appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. In Feres v. United States, the Supreme Court held that the FTCA, which established a limited waiver of sovereign immunity from suit, did not extend to "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. 135, 146 (1950). The doctrine applies to injuries sustained as a result of medical malpractice by military doctors. See, e.g., Loughney v. United States, 839 F.2d 186, 188 (3d Cir. 1988) (barring malpractice suit based on

---

[1] Roberson initially alleged that he was treated by medical personnel at the Department of Veterans Affairs (VA), but he later agreed with the Government that he received treatment at the Naval Medical Center San Diego.

allegedly negligent medical advice of Army doctor that plaintiff undergo surgery for abdominal pain); Peluso v. United States, 474 F.2d 605, 606 (3d Cir. 1973) (barring malpractice suit based on Army doctors' alleged improper diagnosis and treatment of ruptured appendix); Henning v. United States, 446 F.2d 774, 776–77 (3d Cir. 1971) (barring claim that Army doctor failed to diagnose tuberculosis because, the Court explained, "the negligent act, failing to advise [Plaintiff] of his condition before discharge, occurred while [Plaintiff] was in the service"). Because Roberson complains of treatment provided by Navy doctors while he was on active duty, the District Court correctly concluded that Feres bars his claim. To the extent that Roberson argues that Feres is inapplicable because his sleep apnea is not "service connected," we have made clear that what caused his injury is immaterial; rather, "[i]t is simply the military status of the claimant that is dispositive." Loughney, 839 F.2d at 188. And, to the extent that he attempts to remove his case from Feres's reach by arguing that (1) his treating physician was acting outside the scope of his duties at the time of the injury, and (2) he received more negligent treatment *after* he was discharged, "[w]e generally do not consider arguments raised for the first time on appeal." Orie v. Dist. Att'y Allegheny Cty., 946 F.3d 187, 195 (3d Cir. 2019).

We have considered Roberson's remaining arguments and conclude that they are meritless. Accordingly, we grant the Government's motion and will summarily affirm the District Court's order.

3