744 F.2d 58
 35 Fair Empl.Prac.Cas. 1521,
35 Empl. Prac. Dec. P 34,759
Mary Jane STUBBS, as Administratrix of the Estate of Dawn
Maxine Stubbs, Appellant,
v.
UNITED STATES of America and Drill Sgt. Sookdeo, Appellees.
 No. 84-1446.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 11, 1984.
Decided Sept. 19, 1984.
 
 John Wesley Hall, Jr., Little Rock, Ark., Richard L. Peel, Russellville, Ark., for appellant.
 Major Marshall M. Kaplan, Chief, Military Personnel Branch, Litigation Div., Dept. of the Army, Washington, D.C., George W. Proctor, U.S. Atty., Richard M. Pence, Jr., Asst. U.S. Atty., Little Rock, Ark., for appellees; Captain R. Craig Lawrence, Litigation Div., Dept. of the Army, Washington, D.C., of counsel.
 Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The administratrix of the estate of Dawn Maxine Stubbs brought suit against the defendants under the Federal Tort Claims Act, 28 U.S.C. Secs. 2671 et seq. The complaint also alleges causes of action based on state tort law and on Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Appellant sought damages from the defendants, the United States and a drill sergeant in the United States Army, alleging wrongful death by sexual harassment and emotional distress. The sole issue on appeal is the propriety of the district court's[1] dismissal of the action pursuant to Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). We affirm.
 
 
 2
 The facts were succinctly stated by the district court:
 
 
 3
 Plaintiff's version of the facts, accepted as true for purposes of deciding defendants' motion, follow. Decedent, Dawn Stubbs, was a private in the U.S. Army stationed at Fort Leonard Wood, Missouri. On December 21, 1982, Drill Sgt. Sookdeo ordered her to the latrine for what she thought was some last minute cleaning before she left for the holiday. In the latrine, Drill Sgt. Sookdeo accosted decedent and said that if she would have sex with him, he would make the rest of her six-week stay there easier but if she refused it would be rougher on her. He also touched her breasts and genital area against her will. Decedent refused his advances.
 
 
 4
 The next morning Dawn Stubbs left the base to spend the holidays with her sister, Mary Jane Stubbs in Yell County, Arkansas. Dawn had been raped in 1979 and this incident coupled with the potential of another forced sexual encounter caused her tremendous anxiety. Throughout the holidays she talked repeatedly to her sister about the incident stating that she was extremely upset. Explaining that she felt trapped, she told her sister that if she complained, the Army would turn on her as a troublemaker.
 
 
 5
 Dawn was supposed to drive back to Fort Leonard Wood on January 3, 1983. About 5:00 [a.m.] that day, Mary Jane Stubbs saw that her sister was in the car clutching a shotgun. When she asked her what she was doing, Dawn replied that she was not going back to the Army and subject herself to the sexual harassment. Mary Jane tried to dissuade her sister, but to no avail. Dawn Stubbs killed herself with a shotgun blast to the head on the morning she was to return to Fort Wood.
 
 
 6
 After considering relevant caselaw, the district court dismissed the action against the United States concluding that since the alleged tortious conduct was "incident to service," the suit was barred by the Feres doctrine.[2] Appellant contends that this was error.
 
 In a recent decision we stated:
 
 7
 In a series of decisions now known as the Feres doctrine, the Supreme Court established a judicially created exception to the waiver of sovereign immunity in the FTCA, holding that the United States is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to military service.
 
 
 8
 Brown v. United States, 739 F.2d 362, 364-65 (8th Cir.1984).
 
 
 9
 We have examined the Feres decision and its doctrinal underpinnings in several prior opinions. See, e.g., Laswell v. Brown, 683 F.2d 261 (8th Cir.1982), cert. denied, 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); Miller v. United States, 643 F.2d 481 (8th Cir.1981) (en banc); Chambers v. United States, 357 F.2d 224 (8th Cir.1966). An extended discussion of the Feres doctrine, its various asserted rationales, and the wealth of decisions interpreting the doctrine will not be repeated here. Suffice it to say that, despite criticism, the doctrine retains its vitality, see Chappell v. Wallace, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), and has been given a "broad construction" by this circuit. Miller, 643 F.2d at 491.
 
 
 10
 In Brown, we refined the analytical framework to be used in determining whether or not Feres should bar a claim:
 
 
 11
 We believe that our analysis can be broken down into two parts: (1) whether there is a relevant relationship between the service member's activity and the military service, and (2) whether military discipline will be impeded if the challenged conduct is litigated in a civil action.
 
 
 12
 ... To determine whether a relevant relationship exists between the service member's activity and the military service, we focus our attention on three factors that our court has considered important: the duty status of the service member, the location of the injury, and the nature of the activity.
 
 
 13
 Brown, 739 F.2d at 367.
 
 
 14
 The first two factors, the duty status of the service member at the time of the injury and the location of the injury, certainly weigh in favor of applying Feres. Both Stubbs and her sergeant were on duty at the time of the incident and the alleged sexual harassment occurred on the Fort Leonard Wood military post. The third factor to consider is the nature of the activity, or, in other words, "whether the activity out of which the action arose served some military purpose or mission." Brown, 739 F.2d at 368. At the time, Private Stubbs was under orders from a superior to report for what she thought was latrine duty. It was here that Sergeant Sookdeo attempted to use the threat of military discipline to extort sexual favors from Stubbs. While the sexual harassment certainly served no military purpose, we believe that, on balance with the other two factors, a relevant relationship between Stubbs' activity at the time of the incident and her military service has been shown.[3]
 
 
 15
 Turning to the second prong of the analysis, we agree with the district court that military discipline would be impaired if Stubbs were allowed to maintain the suit against the United States. The trial would undoubtedly question the interaction between an officer and his subordinate. Moreover, at least part of Stubbs' cause of action is premised on allegations that military superiors were aware of sexual harassment of female enlisted personnel on the base, and yet did nothing to prevent it. It is also alleged that the military establishment would have resisted any claims of sexual harassment leveled at its noncommissioned officers and would have labeled Stubbs a troublemaker had she complained about the incident. The claim thus appears to be that the United States created the atmosphere which ultimately led to Stubbs' suicide. This claim would directly question the disciplinary decisions of superior officers in failing to prevent the incident and in creating a situation where enlisted personnel are discouraged from making complaints. All of these inquiries go to the heart of military decisionmaking and discipline, and thus are barred by Feres. Further discussion of the reasoning supporting our conclusion can be found in the district court's well-reasoned opinion.
 
 
 16
 Therefore, based on our analysis and on the reasoning and conclusions of the district court, which do not appear to be erroneous, we affirm. See 8th Cir.R. 14.
 
 
 
 [1]
 The Honorable G. Thomas Eisele, Chief Judge, United States District Court, Eastern District of Arkansas
 
 
 [2]
 As indicated, the estate also sued Sergeant Sookdeo under the FTCA and Bivens. The district court dismissed the Bivens action for lack of in personam jurisdiction over Sookdeo. Since appellant has not appealed from that ruling, we express no opinion as to whether Feres would also bar the Bivens cause of action if brought in the proper forum
 
 
 [3]
 At the time of the incident, Stubbs was not enjoying any benefit peculiar to her military status and thus this is not a case which fits in the "special category of cases in which the Feres rule has been applied because the service members, at the time of the injury, were enjoying a benefit because of their status as military personnel." Brown, 739 F.2d at 368