United States Court of Appeals,

Fifth Circuit.

No. 94-40774

Summary Calendar.

Cherrie HAYES, spouse of David Hayes, and tutrix for Michael
Stewart Hayes and Ehren Scott Hayes, Plaintiff-Appellant,

v.

The UNITED STATES of America on Behalf of U.S. DEPARTMENT OF ARMY
and Dr. Brian T. Anthony, Defendants-Appellees.

Feb. 15, 1995.

Appeal from the United States District Court for the Western
District of Louisiana.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Cherrie Hayes, the widow of decedent David Hayes, appeals the

district court's order dismissing her malpractice claim against the

United States government (Government) for lack of subject matter

jurisdiction pursuant to *Feres v. United States,* 340 U.S. 135, 71

S.Ct. 153, 95 L.Ed. 152 (1950). We affirm.

FACTS

Hayes instituted a medical malpractice action under the

Federal Tort Claims Act, alleging the following facts: Dr. Brian

R. Anthony (Anthony) severed David Hayes's hepatic vein during an

elective hernia operation on July 6, 1993. The severing of the

vein, along with Appellees' failure to properly respond after the

vein was severed, caused David Hayes's death. David Hayes was an

active member of the United States Army at the time of his death.

Anthony, a Captain in the Medical Corps, was employed by the

1

Department of the Army as a physician, and at all times relevant to this action was acting within the scope of his employment. Further, the United States, through the Department of the Army, operated Bayne-Jones Community Hospital at Fort Polk, Louisiana where the surgery was performed.

THE *FERES* DOCTRINE

The issue of whether the district court properly applied *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) to preclude Hayes's claim is a question of law which we review *de novo.* *Adams v. United States,* 728 F.2d 736, 738, n. 3 (5th Cir.1984).

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), permits the United States to be sued in federal district courts for the negligent or wrongful acts of its employees. The FTCA is a limited waiver of the sovereign immunity of the United States and has been strictly construed in favor of the United States. *Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir.1987). The Supreme Court has articulated an exception to the FTCA waiver of immunity, referred to in subsequent jurisprudence as the "*Feres* doctrine," holding that the Government is not liable under the FTCA for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. *Feres,* 340 U.S. at 146, 71 S.Ct. at 159.

This Court has held that the *Feres* doctrine precludes a suit brought under the FTCA against the Government for damages sustained by a service man on active duty during elective surgery performed

2

by military doctors. *Lowe v. United States,* 440 F.2d 452 (5th Cir.1971); *see also Coyne v. United States,* 411 F.2d 987, 988 (5th Cir.1969).

In 1985 the Supreme Court reaffirmed the *Feres* doctrine, but instructed courts to take a case-by-case, rather than *per se* approach to claims for immunity:

> The *Feres* doctrine cannot be reduced to a few bright-line rules; each case must be examined in light of the statute as it has been construed in *Feres* and subsequent cases.

*United States v. Shearer,* 473 U.S. 52, 57, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985). Appellant emphasizes that David Hayes's hernia was not caused or aggravated by any military activity or duty, and that surgery was elective and was not necessary in order for him to perform any of his responsibilities within the military. She contends that the concerns that provided the under-pinnings of *Feres* (the distinctively federal nature of the relationship between the Government and members of the armed forces, the availability of alternative compensation systems, and the fear of damaging the military disciplinary structure, *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 671-72, 97 S.Ct. 2054, 2057-58, 52 L.Ed.2d 665 (1977)) do not justify applying the doctrine to this case. Further, the Supreme Court has narrowed the reasons for applying the *Feres* doctrine to concerns respecting the management of the military; that is, concerns that call into question basic choices about the discipline, supervision, and control of a serviceman. *United States v. Shearer,* 473 U.S. 52, 58, 105 S.Ct. 3039, 2043, 87 L.Ed.2d 38 (1985).

However, irrespective of the evolving rationale, the Supreme Court has made it clear that the Government remains immune from suits by servicemen where the injuries arise out of or are suffered in the course of activity incident to service. *United States v. Johnson,* 481 U.S. 681, 692, 107 S.Ct. 2063, 2069-70, 95 L.Ed.2d 648 (1987). Medical malpractice by a physician employed by the military, in a military hospital, and in the course of treatment of a person in active military service has been clearly held to fall within "the course of activity incident to service." *Shults v. United States,* 421 F.2d 170, 171-72 (5th Cir.1969). The fact that the underlying cause of the hernia was not connected to David Hayes' military service is not instructive. The injury complained of, the severed vein, was "incident to service" and therefore not actionable under FTCA.

We therefore AFFIRM the district court's dismissal of Appellant's action.

4