Donzell JONES, Plaintiff–Appellant,

v.

UNITED STATES of America, Dr. Younai, and Dr. Sharma, Defendants–Appellees.

No. 96–1975.

United States Court of Appeals, Seventh Circuit.

Argued March 5, 1997.

Decided April 24, 1997.

Perry M. Berke, Burton I. Weinstein (argued), John R. Malkinson, Baskin, Server, Berke, Weinstein & Spiro, Chicago, IL, for Plaintiff–Appellant.

Thomas P. Walsh, Matthew D. Tanner (argued), Office of the United States Attorney, Civil Division, Chicago, IL, for Defendant–Appellee.

Before FLAUM, MANION, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

In addition to serving as a sergeant in the United States Army, Donzell Jones was an accomplished track and field athlete. His athletic abilities led to his being temporarily assigned to the San Francisco/Oakland area to allow him to participate in trials for the 1992 United States Military Olympics team. While on this assignment, Jones underwent surgery at Oakland Naval Hospital to relieve chronic abdominal pain. Rather than solving his medical problems, however, the surgery compounded them: during the procedure both his legs were injured, allegedly because of medical malpractice, and the injuries ended his military and athletic careers.

Jones brought suit against the United States and six doctors (four naval and two civilian) under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2671 et seq. The United States was substituted as party defendant in place of the four naval doctors. The district court granted the United States's motion to dismiss the claim against it for lack of subject matter jurisdiction under Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); the two civilian doctors (Younai and Sharma) were never served with process and the claims against them were never adjudicated. Jones appeals the district court's decision to apply Feres to bar his claims. We affirm.

## I.

Before we reach the Feres question, we must address the United States's motion to dismiss the appeal for lack of jurisdiction. Courts of appeals may only hear appeals from "final decisions" of district courts. 28 U.S.C. § 1291. The United States contends that the district court never rendered such a decision in this case because it never disposed of the claims against the two unserved individual defendants.

We most recently addressed whether the presence of unserved defendants negates the finality of an order in Ordower v. Feldman, 826 F.2d 1569, 1573 (7th Cir.1987), in which we noted a division of authority on the question:

The Third Circuit has held that the presence of unserved defendants is not a bar to finality because an unserved defendant is not a "party" to the lawsuit. See De Tore v. Local # 245, 615 F.2d 980, 982 n. 2 (3d Cir.1980). On the other hand, the Eighth Circuit has held that the presence of unserved defendants prevents a decision from being considered final if the plaintiff is free to attempt further process on those defendants. See Haley v. Simmons, 529 F.2d 78, 79 (8th Cir.1976); but see Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984) (stating that decision may be final when unserved defendants are present because "[i]n such circumstances there is no reason to assume that there will be any further adjudication of the action").

Having noted the division, however, in Ordower we declined to decide which approach should govern in this circuit. Given that "[a]ny attempt by plaintiffs to serve the complaint on the unserved defendants would be clearly untimely under Rule 4(j) and any new

complaint filed by plaintiffs would be dismissed as time-barred," we held that in either case the judgment would be considered final. *Id.*; *see also Otis v. City of Chicago,* 29 F.3d 1159, 1165 (7th Cir.1994) (en banc) ("A series of our cases holds that when, from a practical perspective, the case is over, the loser may appeal.").

The government's attempts to distinguish *Ordower* are unavailing. Any service now attempted on the individual defendants in this litigation certainly would be untimely, and any new complaint against them would be barred by the statute of limitations, given that in suits against health care providers California has established a limitation period of three years from the date of injury. CAL. CIV.PRO.CODE § 340.5. As stated in *Ordower,* "For all practical purposes, plaintiffs' case against the unserved defendants is over." The district court's order was a final decision appealable under 28 U.S.C. § 1291.

## II.

■ Having satisfied ourselves that we have jurisdiction over the appeal, we now consider whether the district court correctly applied *Feres* to bar this action. Dismissal under *Feres* amounts to dismissal for lack of subject matter jurisdiction, a question of law that we review *de novo. Duffy v. United States,* 966 F.2d 307, 310 (7th Cir.1992).

[3] In *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The Court reaffirmed *Feres* in *United States v. Johnson,* 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), where it explained three broad rationales that support *Feres:* (1) the need to protect the distinctively federal relationship between the government and the armed forces, which could be adversely affected by applying differing tort laws; (2) the existence of statutory compensatory schemes; and (3) the need to avoid interference with military discipline and effectiveness. *Johnson,* 481 U.S. at 688–91, 107 S.Ct. at 2067–68; *Stephenson v. Stone,* 21 F.3d

159, 162 (7th Cir.1994). "The *Feres* doctrine cannot be reduced to a few bright-line rules; each case must be examined in light of the statute as it has been construed in *Feres* and subsequent cases." *United States v. Shearer,* 473 U.S. 52, 57, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985). "The dispositive inquiry remains whether the service-member stand[s] in the type of relationship to the military at the time of his or her injury that the occurrences causing the injury arose out of activity incident to military service." *Stephenson,* 21 F.3d at 162.

■ Jones argues that *Feres* should not apply in this case because he was not participating in a military activity at the time he had to undergo surgery (that is, that the injury was not "incident to service"); rather, he contends, he was trying out for the United States Military Olympics team, an activity that had no relation to military service. We rejected a similar argument in *Walls v. United States,* 832 F.2d 93 (7th Cir.1987). There, a serviceman claimed that he was not acting incident to military service where his injury resulted from a plane crash during an "Air Force Aero Club" activity. The "Air Force Aero Club" is a "recreational activity to promote morale" overseen by the Air Force in which "active membership" is available only to active-duty military personnel in the United States Armed Forces. *Id.* at 94 n. 2. Because the serviceman was subject to military jurisdiction and taking advantage of military privileges generally restricted to the military, we concluded that he was acting "incident to service" and thus his FTCA suit against the government was barred. *Id.* at 95–96.

In fact, courts have often concluded military personnel acted "incident to service" and applied the *Feres* bar in cases arising from servicemembers taking advantage of recreational military activities or other military perquisites because their use of the facilities was a consequence solely of their status as members of the military. *See Herreman v. United States,* 476 F.2d 234 (7th Cir.1973) (serviceman took advantage of status to fly home from vacation on military aircraft); *Lauer v. United States,* 968 F.2d

1428 (1st Cir.1992) (enlistee "on liberty" struck by car while walking on Naval road); *Bon v. United States,* 802 F.2d 1092 (9th Cir.1986) (canoe obtained from Navy Special Services facility); *Warner v. United States,* 720 F.2d 837 (5th Cir.1983) (per curiam) (injury suffered on base after serviceman given permission to take the day off); *Woodside v. United States,* 606 F.2d 134 (6th Cir.1979) (Aero Club member receiving instruction toward commercial pilot's license); *Hass v. United States,* 518 F.2d 1138 (4th Cir.1975) (horse obtained from stables owned and operated by government for benefit of servicemembers). By contrast, where suits have been allowed to proceed, the military personnel involved were not taking advantage of any military program or status, but simply engaging in activities on the same grounds as civilians. *See Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949) (off-duty serviceman in auto accident on highway); *Dreier v. United States,* 106 F.3d 844 (9th Cir.1997) (returning on openly accessible path from publicly-used beach); *Taber v. Maine,* 67 F.3d 1029 (2d Cir.1995) (two off-duty personnel involved in off-base auto accident); *Kelly v. Panama Canal Comm'n,* 26 F.3d 597 (5th Cir.1994) (off-duty sailing in boat acquired from civilian club); *Pierce v. United States,* 813 F.2d 349 (11th Cir.1987) (auto-motorcycle accident on public road).

Jones further argues that this case involves only malpractice allegations and thus does not sufficiently invoke the concerns expressed by *Johnson.* This argument too must fail. Not only did two of the cases consolidated and decided with *Feres* itself bar medical malpractice allegations, 340 U.S. at 137, 146, 71 S.Ct. at 155, 159, but courts have routinely applied *Feres* to bar medical malpractice claims that arose from treatment by military doctors of active-duty personnel. *See, e.g., Collins v. United States,* 642 F.2d 217 (7th Cir.1981); *Cutshall v. United States,* 75 F.3d 426 (8th Cir.1996); *Hayes v. United States,* 44 F.3d 377 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 66, 133 L.Ed.2d 28 (1995); *Borden v. Veterans Administration,* 41 F.3d 763 (1st Cir.1994); *Appelhans v. United States,* 877 F.2d 309 (4th Cir.1989); *Madsen v. United States,* 841 F.2d 1011 (10th Cir.1987); *Atkinson v. United States,* 825 F.2d 202 (9th Cir.1987); *Rayner v. United States,* 760 F.2d 1217 (11th Cir. 1985) (per curiam). This is true even where the underlying injury that brought the servicemember to the hospital was not caused by service, *Hayes,* 44 F.3d at 379 (hernia); *Borden,* 41 F.3d at 763 (injury from playing basketball), or was an elective medical procedure, *Rayner,* 760 F.2d at 1219. As stated by one court, "once it is determined that a servicemember ... was on active duty during the time military medical treatment was rendered, the treatment is necessarily incident to service and judicial inquiry ends." *Madsen,* 841 F.2d at 1014.

Here, Jones was acting subject to military jurisdiction: he was temporarily assigned by the military to the San Francisco/Oakland area. There is no indication that he was not on active duty status, and "we have consistently found that a service-member's injury is incident to military service whenever the injury is incurred while the individual is on active duty or subject to military discipline." *Stephenson,* 21 F.3d at 162. Further, Jones was in the area to take advantage of a military perquisite, the chance to participate in the United States Military Olympics trials. His injury occurred at a military hospital, at which he was being treated as an Army patient under Army medical benefits. *Feres* bars this action.

AFFIRMED.