Sarah D. SMITH, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 99–1397.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1999.

Decided Nov. 5, 1999.

Thomas S. Stewart (argued), Burroughs, Hepler, Broom, MacDonald & Hebrank, Edwardsville, IL, for plaintiff–appellant.

W. Charles Grace, Office of U.S. Attorney, Criminal Div., Fairview Heights, IL, Lowell Sturgill (argued), Department of Justice, Civil Division, Appellate Section, Robin D. Smith, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for defendant–appellee.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

RIPPLE, Circuit Judge.

Sarah D. Smith brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Ms. Smith claimed that, while she was serving as a private first class in the United States Army, the Government negligently supervised her drill sergeant, who committed a series of sexual assaults against her. She also claimed that other officers failed to protect her from that drill sergeant. The district court held that it was foreclosed from adjudicating the case by the Supreme Court's decisions in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and *United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

Sarah Smith attended Advanced Individual Training at Aberdeen Proving Ground in Maryland from May 29, 1996, to

September 4, 1996.[1] While at Aberdeen, she was on active duty in the United States Army and held the rank of private first class. Staff Sergeant Vernell Robinson, Jr. was the drill sergeant assigned to her platoon. Ms. Smith alleged that while she was off-duty and in civilian clothing Robinson entered her barracks room unannounced. According to her allegations, Robinson then forced her into his privately-owned vehicle, drove her to an off-post hotel, and then forced her to have non-consensual intercourse. Ms. Smith further alleged that, on another occasion, Robinson pursued her to an off-post hotel, forced her once again into his vehicle, took her to a different off-post hotel, and again forced her to engage in non-consensual intercourse and sodomy. According to the allegations of the complaint, throughout June, the sergeant repeatedly forced Smith to an off-post house, where he had rented a room. On the July 4 holiday weekend, the allegations continued, Robinson forced Ms. Smith to accompany him to New York State; on July 27, he once again forced her to the off-post house. On all of these occasions he forced Ms. Smith to submit to non-consensual intercourse. On all of these occasions Ms. Smith was off duty.

Ms. Smith alleged further that other officers at Aberdeen, both commissioned and non-commissioned, had knowledge of Robinson's activities but did nothing to stop him. She claimed that Robinson committed similar acts with other female trainees and that none of the officers who were aware of his acts ever reported them.

Ms. Smith first presented her claim to the United States Army Claim Service, but never received a final disposition. She then brought this action against the United States under the FTCA, seeking damages for the misconduct of Robinson and the other officers. The Government moved to dismiss, arguing that jurisdiction was foreclosed by *Feres*. In *Feres*, the Supreme Court held that the FTCA does not create liability for "injuries aris[ing] out of or ... in the course of activity incident to [military] service." 340 U.S. at 146., 71 S.Ct. 153 The Government further argued that Smith's claim arose out of assault and battery; such claims are excepted from the FTCA. *See* 28 U.S.C. § 2680(h). In addition, the Government argued that Ms. Smith had failed to state a claim under state tort law, a necessary prerequisite for recovery under the FTCA. The district court agreed with the Government that *Feres* precluded its consideration of the case.

## II

## DISCUSSION

In *Jones v. United States*, 112 F.3d 299 (7th Cir.1997), Judge Flaum, writing for this court, summarized succinctly the so-called *"Feres* doctrine" and set forth the three rationales that have been articulated to support it:

> In *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950), the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The Court reaffirmed *Feres* in *United States v. Johnson*, 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), where it explained three broad rationales that support *Feres*: (1) the need to protect the distinctively federal relationship between the government and the armed forces, which could be adversely affected by applying differing

---

1. The facts here are taken from Ms. Smith's complaint. In a motion to dismiss for lack of subject matter jurisdiction, all well-pleaded factual allegations in the complaint are taken as true. *See Komorowski v. Townline Mini–Mart & Restaurant*, 162 F.3d 962, 964 (7th Cir.1998) (per curiam). A district court's dismissal under *Feres* is treated as a dismissal for lack of subject matter jurisdiction. *See Selbe v. United States*, 130 F.3d 1265, 1266 (7th Cir.1997); *Jones v. United States*, 112 F.3d 299, 301 (7th Cir.), *cert. denied*, 522 U.S. 865, 118 S.Ct. 173, 139 L.Ed.2d 115 (1997).

tort laws; (2) the existence of statutory compensatory schemes; and (3) the need to avoid interference with military discipline and effectiveness. *Johnson,* 481 U.S. at 688–91, 107 S.Ct. at 2067–68.

■ *Jones,* 112 F.3d at 301. Quoting the Supreme Court's decision in *United States v. Shearer,* 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), the Judge also noted that " '[t]he *Feres* doctrine cannot be reduced to a few bright-line rules; each case must be examined in light of the statute as it has been construed in *Feres* and subsequent cases.' " *Jones,* 112 F.3d at 301 (quoting *Shearer,* 473 U.S. at 57, 105 S.Ct. 3039). "The dispositive inquiry remains whether the service-member stand[s] in the type of relationship to the military at the time of his or her injury that the occurrences causing the injury arose out of activity incident to military service." *Stephenson v. Stone,* 21 F.3d 159, 162 (7th Cir.1994). In answering this crucial question in this case, we believe that the Supreme Court's decision in *Shearer* and this court's decision in *Stephenson* provide significant guidance in determining whether, on the facts as alleged in the complaint, Ms. Smith's injury from the failure of the Government to supervise properly Sergeant Robinson can be characterized as "activity incident to military service."

In *Shearer,* the mother of Vernon Shearer sought damages from the United States after her son was murdered by another serviceman, Andrew Heard, while off duty and away from his base. *See Shearer,* 473 U.S. at 53, 105 S.Ct. 3039. She claimed that the Army had failed to control Heard, and had not warned others that he was dangerous. *See id.* at 54, 105 S.Ct. 3039. The Supreme Court determined that the allegation that the Army had failed to control Heard placed into direct question the manner in which the Army supervised its personnel, and therefore presented the kind of inquiry into the Armed Forces' management of disciplinary matters that

*Feres* places beyond the scope of the FTCA. *See id.* at 58, 105 S.Ct. 3039.

This court was faced with a similar situation in *Stephenson.* There, Specialist Stephenson was murdered by another service member against whom he was scheduled to testify in a court-martial. *See Stephenson,* 21 F.3d at 161. The family of the murdered service member alleged that the Army had been negligent in failing to isolate effectively the accused service member from the witness in the time before trial. *See id.* The family also alleged that the Army had not taken proper precautions with respect to the storage of the personal weapons of the accused service member. *See id.* Relying on *Shearer,* we held that the most important factor is not the situs of the crime but whether adjudication of the allegations of the complaint require that the court pass judgment on the Armed Forces' decisions about fundamental issues regarding the supervision, control, and discipline of servicemen. *See id.* at 162–63.

■ The allegations that the Army failed to control Staff Sergeant Robinson implicate important questions about the management of military personnel by those charged with that high responsibility. The wrongs allegedly perpetrated by Staff Sergeant Robinson upon then-Private First Class Smith were made possible by his status as her military superior. *Cf. Mackey v. Milam,* 154 F.3d 648, 651 (6th Cir.1998) (holding that officers were acting within the scope of their employment when they harassed a captain, because they had supervisory power over her granted by their mutual employer, the Air Force), *cert. denied,* —— U.S. ——, 119 S.Ct. 2393, 144 L.Ed.2d 794 (1999). Similarly, the claims that other officers failed to report Robinson's conduct implicate serious questions about the proper conduct and readiness of military units. As we have noted earlier, *Shearer* tells us that the military nature of the relationship between the alleged tortfeasor and his victims is critical, even if the specific incidents occurred off

base or while one or both parties were off duty. Here, the complaint clearly alleges that those superior to Staff Sergeant Robinson in the chain of command failed to prevent his abusing his military authority over Ms. Smith. This sort of allegation certainly is controlled by *Feres*.[2]

Lest we be misunderstood, we emphasize that our holding today that the present suit is barred by the *Feres* doctrine in no way suggests that we minimize the seriousness of the alleged misconduct. As the opinions of the Supreme Court and of this court make clear, employer tolerance of sexual assault and sexual harassment in the workplace is a serious matter. Sexual assault and sexual harassment is always demeaning and often permanently scars the victim. Furthermore, it renders the workplace less productive and stifles the initiative and creative capacity of the organization. When the organizations involved are the Armed Forces of the United States, the victim, in addition to the suffering experienced by all such victims, is deprived of the very special satisfaction that military service to the Country should bring. Tolerance of such behavior also results in a warping of military discipline, a lack of military readiness, and a weakening of national security. Democratic support for military institutions is eroded when citizens do not believe that their children, and those of their neighbors, will be treated with dignity and respect during their period of service.

We hold only that Congress has made it clear that an FTCA action, in which the service member seeks damages from the United States and necessarily calls into question the management decisions of those who exercise military leadership, is not the appropriate avenue for a wronged service member seeking redress for such a grave wrong. Congress has chosen instead to discipline the perpetrator through the Uniform Code of Military Justice, 10 U.S.C. § 801 *et seq.*, and to care for the victim through the programs established within the Armed Forces and the Veterans Administration. In doing so, Congress has also made a decision that such programs are adequate to serve as a deterrent against similar lapses in the future and to assist the victim in recovery. It is not our role, at least in the context of an FTCA suit, to pass judgment on the adequacy of that Congressional response.

## Conclusion

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

2. Because we find that we do not have jurisdiction under *Feres*, we need not reach the other issues presented in this case. *See Rogers v. United States,* 902 F.2d 1268, 1275 (7th Cir.1990); *Lewis v. United States,* 663 F.2d 889, 892 (9th Cir.1981).