**Adele O. CONNELL, Appellant**

v.

**Annesley W. COPELAND, M.D.,**
**et al., Appellees.**

No. 10–5166.

United States Court of Appeals,
District of Columbia Circuit.

April 15, 2011.

Dean E. Swartz, Esquire, Swartz & Reed, LLP, Washington, DC, for Appellant.

Daniel William Dalrymple, Special Assistant U.S., R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge, GINSBURG and BROWN, Circuit Judges.

## *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the district court granting the motion of the United States for substitution and dismissal be affirmed.

■ Adele Connell, a retired Army colonel, brought this suit alleging medical malpractice by Dr. Annesley Copeland, her attending surgeon at Walter Reed Army Medical Center. The district court correctly dismissed Copeland and substituted the United States as defendant under the Westfall Act, 28 U.S.C. § 2679. The Government documented Copeland's employment as an Assistant Professor of Surgery at the Uniformed Services University of Health Sciences. The import of these documents is clear, and Connell has failed to allege any fact that would entitle her to discovery. *See Wuterich v. Murtha*, 562 F.3d 375, 381, 386 (D.C.Cir.2009). The Government further certified Copeland was acting within the scope of her employment during all relevant times, and Connell does not supply a reason to believe otherwise.

■ The district court also properly dismissed the claim against the United States for lack of subject-matter jurisdiction pursuant to *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). The validity of *Feres* is a question beyond this Court's authority to consider, and were it not, our own precedent would require this panel to reject Connell's specific arguments against it. *See Schnitzer v. Harvey*, 389 F.3d 200, 206 (D.C.Cir.2004); *Verma v. United States*, 19 F.3d 646, 648 (D.C.Cir.1994). As to the application of *Feres* to Connell's claim in particular, we note the cases cited by the district court, including our unpublished judgment in *Antoine v. United States*, 990 F.2d 1377 (D.C.Cir.1993) (mem.), have found support in our own more recent decisions, see, e.g., *Verma*, 19 F.3d at 648, and in those of other circuits, see, e.g., *Jones v. United States*, 112 F.3d 299, 302 (7th Cir.1997) (and cases cited therein). As these decisions make plain, *Feres* bars claims by an active-duty serviceman who alleges negligent medical malpractice by a military doctor at a military hospital. Tellingly, Connell fails to address or acknowledge these precedents.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.