# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2013

No. 13-50057
Summary Calendar

Lyle W. Cayce
Clerk

COLTON J. READ; JESSICA G. READ,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-910

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiffs Colton and Jessica Read sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, alleging that Colton Read, while on active duty in the United States Air Force, suffered injuries due to medical malpractice by military surgeons. The district court dismissed the Reads' action for lack of subject matter jurisdiction pursuant to the *Feres* doctrine, which jurisdictionally bars actions brought under the Federal Tort

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50057

Claims Act for military service-related injuries to military servicemembers. *Feres v. United States*, 340 U.S. 135 (1950). The Reads argue that *Feres* was wrongly decided because, *inter alia*, it conflicts with the plain language of the Federal Tort Claims Act, and that the *Feres* doctrine is unconstitutional. Accordingly, the Reads ask us not to follow *Feres* and to reverse the district court's dismissal. For the reasons that follow, we affirm the district court's dismissal of the Reads' complaint.

## I. FACTS AND PROCEDURAL HISTORY

While on active duty, Colton Read underwent laparoscopic gallbladder surgery to restore his condition such that he would be ready for deployment to Afghanistan. The surgery was performed by two Air Force surgeons at David Grant Medical Center and resulted in an injury to Colton Read's descending abdominal aorta. This injury was unsuccessfully repaired, and restricted the blood supply to Colton Read's legs. Related complications eventually required that both of Colton Read's legs be amputated. In March 2012, after extensive medical and rehabilitative therapy, Colton Read was classified as permanently disabled and relieved from active duty.

Colton Read and his wife, Jessica Read, (the "Reads"), filed suit against the United States under the Federal Tort Claims Act ("FTCA") in federal court, each seeking damages for Colton's surgery-related injuries and disability. The United States filed a motion to dismiss for lack of subject matter jurisdiction pursuant to the *Feres* doctrine. Acknowledging that it was bound by *Feres* and our precedent, the district court held that the Reads' claims were barred under the *Feres* doctrine because (1) Colton Read's surgery was "incidental to military service"—since Colton Read was on active duty status when the surgery was performed, his surgery was intended to return him to military service, and his injury occurred at a military installation site—and (2) his receipt of medical care in a military facility by active duty military members was "activity incident to

2

No. 13-50057

service." Accordingly, the district court granted the motion to dismiss and entered final judgment for the government.

The Reads timely appealed. On appeal, the Reads make no attempt to distinguish their case from those encompassed by the *Feres* doctrine. Rather, they ask us to disregard the doctrine and reverse the district court's dismissal, arguing that *Feres* was wrongly decided, that the *Feres* doctrine conflicts with the plain language of the FTCA, and that the doctrine is unconstitutional.

## II. STANDARD OF REVIEW

As a "strict stare decisis court," we "are in no position to challenge the statutory construction utilized by the Supreme Court in [*Feres*]," nor may we disregard or overrule Supreme Court precedent. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 782 (5th Cir. 2012) (internal citations and quotation marks omitted). "The Supreme Court has sole authority to overrule its own decisions, meaning that [we] must follow the Supreme Court's directly controlling precedent." *Id.* Thus, the sole question before us is whether the district court properly dismissed the Reads' case pursuant to the *Feres* doctrine.

We review a dismissal for lack of subject matter jurisdiction *de novo*, resolving all disputed facts in favor of the nonmovant. *See United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012); *see also Hayes v. United States*, 44 F.3d 377, 378 (5th Cir. 1995) ("[W]hether the district court properly applied *Feres* . . . to preclude Hayes's claim is a question of law which we review *de novo*.").

## III. DISCUSSION

The FTCA allows the United States to be sued in federal court for the negligent or wrongful acts of its employees. 28 U.S.C. § 1346(b). It is a limited waiver of the sovereign immunity of the United States and has been strictly construed in favor of the United States. *See Vernell v. U.S. Postal Serv.*, 819 F.2d 108, 111 (5th Cir. 1987). The Supreme Court has set forth an exception to the

3

No. 13-50057

FTCA waiver of immunity called the "*Feres* doctrine," which holds that the government is not liable under the FTCA for injuries to servicemembers in the military whose alleged injuries arise out of or are in the course of activity incident to service. *Feres*, 340 U.S. at 146.

Irrespective of criticism of the *Feres* doctrine, the Supreme Court since *Feres* has clearly held that the government remains immune from suits by servicemembers for injuries arising out of or suffered in the course of activity incident to service. *See United States v. Johnson*, 481 U.S. 681, 692 (1987). Consistent with this rule, we have held that the *Feres* doctrine bars actions brought under the FTCA for injuries sustained by a servicemember on active duty from surgery performed by military doctors. *See Hayes*, 44 F.3d at 378-79 ("Medical malpractice by a physician employed by the military, in a military hospital, and in the course of treatment of a person in active military service has been clearly held to fall within 'the course of activity incident to service.'" (citation omitted)). The Reads have conceded that Colton Read's injuries arose out of activity incident to his military service. Thus, for the reasons articulated by the district court,[1] we find that Colton Read's injuries were "incident to service" and not actionable under the FTCA.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[1] In summary, the district court found that it is "undisputed that Airman Read was on active duty status at the time of his injury," and "also undisputed that he was injured at a military installation." Further, the district court found that Airman Read was ill, and that gallbladder surgery was necessary to restore him to military readiness.

4